Filed 7/5/23  P. v. Coleman CA3

<u>NOT</u> <u>TO</u> BE <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095793 |
| v. | (Super. Ct. No. 19FE000404) |
| ARTAVIOUS DEYOUNG COLEMAN, | |
| Defendant and Appellant. | |

A jury found defendant Artavious DeYoung Coleman guilty of assaulting a peace officer with a semiautomatic firearm and making criminal threats against the officer. The trial court found that defendant's prior conviction in Oregon for rape qualified as a strike.  Following our remand for resentencing and reversal of the strike finding, the trial court sentenced defendant to the upper term for assault based on (1) the criminal threats, (2) defendant's numerous prior convictions, including the Oregon conviction, and (3) defendant's commission of the assault while on probation.  Defendant argues the trial court erred in imposing the upper term.  Finding no prejudicial error, we affirm. We order the trial court to correct six clerical errors in the abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A peace officer testified that defendant resisted arrest and threatened to shoot the officer.  During the officer's effort to subdue defendant, the officer heard a gun being fired without ammunition in the firing chamber.  The officer then discovered defendant

1

was armed.  (*People v. Coleman* (Sept. 13, 2021, C090363) [nonpub. opn.] (*Coleman*).)
A jury found defendant guilty of (1) assault upon a peace officer with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2); all further statutory references are to the Penal Code), (2) making criminal threats (§ 422), (3) possession of a firearm as a felon (§ 29800, subd. (a)(1)), and (4) resisting an executive officer (§ 69).  The jury also found related firearm enhancements true.  In a separate bench trial, the trial court found defendant's Oregon conviction for first degree rape qualified as a strike under the three strikes law (§§ 667, subds. (b)-(i); 1170.12).

On defendant's first appeal, we modified the conviction for assault with a semiautomatic firearm to reflect a conviction for assault with a firearm (§ 245, subd. (d)(1)) and remanded the case for full resentencing.  Concluding that the record of defendant's no contest plea in the Oregon conviction did not satisfy the California rape statute, we also directed the trial court to dismiss the strike for that conviction if the People declined to retry it.  (*Coleman, supra*, C090363.)  Following remand, the People so declined, and the trial court dismissed the strike.

At resentencing, which occurred on February 18, 2022, the trial court found three factors in aggravation under section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731):  (1) the assault involved a threat of great bodily harm (Cal. Rules of Court, rule 4.421(a)(1) [bodily harm factor]; further rule references are to the California Rules of Court); (2) defendant's prior convictions are numerous (rule 4.421(b)(2) [prior conviction factor]); and (3) defendant was on probation when the crime was committed (rule 4.421(b)(4) [probation factor]).  Concluding those factors outweighed any in mitigation, the court sentenced defendant to the upper term of eight years for assault.  The court also imposed 10 consecutive years on the related firearm enhancement and eight consecutive months for possession of a firearm as a felon. The court further imposed but stayed sentences on the criminal threats and resistance convictions.

2

Defendant filed a timely notice of appeal. He argues the trial court's imposition of the upper term on the assault conviction fails to comply with section 1170. He further contends the abstract of judgment must be corrected to reflect his actual prison time up to the date of resentencing.

DISCUSSION

I

*Upper Term Under Section 1170*

As of January 1, 2022, Section 1170, subdivision (b) limits the trial court's discretion to impose the upper term of a sentencing triad. The court may impose a sentence exceeding the middle term only when there are justifying circumstances in aggravation and the facts underlying those circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the trier of fact. (§ 1170, subd. (b)(2).) Section 1170 also allows the court to consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) Here, the trial court selected the upper term based on three aggravating factors: the bodily harm factor, the prior conviction factor, and the probation factor. Defendant argues the court's consideration of those factors was improper. We find no prejudicial error.

*A. Bodily Harm Factor*

The trial court found the bodily harm factor established by defendant's concurrent conviction for criminal threats. Defendant argues the court violated the general rule prohibiting a court from using a fact that is an element of the crime on which punishment is being imposed to impose a particular term. (See rule 4.420(h).) Defendant misinterprets this dual use prohibition. The trial court could not apply an element of the assault conviction to impose a term on *that* conviction. But the court did not violate that rule. The court applied defendant's separate conviction for criminal threats to aggravate the sentence for defendant's assault conviction. Furthermore, contrary to defendant's

3

position, the trial court did not impose double punishment for a single act. The court stayed imposition of defendant's sentence for criminal threats under section 654 but properly considered the threats defendant made during the assault as a circumstance in aggravation of the assault. (*People v. Young* (1983) 146 Cal.App.3d 729, 735-736.) Thus, defendant's arguments regarding the bodily harm factor lack merit.

### B. Prior Conviction Factor

The trial court relied on five prior convictions to determine that defendant's priors were numerous. Defendant argues the trial court erred in considering two of those convictions: (1) the Oregon conviction and (2) a hit-and-run conviction. We address each in turn.

According to defendant, the trial could not consider the Oregon conviction because we ordered the trial court to reverse its previous true finding as to that conviction. Defendant is mistaken. In defendant's first appeal, both parties agreed the trial court erred in treating defendant's Oregon conviction for attempted first degree rape as a strike under our three strikes law. We agreed, concluding that defendant's no contest plea to first degree rape in Oregon did not necessarily satisfy the California rape statute. We directed the trial court to reverse its finding that the Oregon conviction qualified as a strike. (*Coleman, supra*, C090363.) Thus, our decision was limited to whether the Oregon conviction qualified as a strike and did not concern whether the conviction could be considered for purposes of aggravating circumstances under section 1170.

Defendant also argues the trial court could not use the Oregon conviction for purposes of aggravation under section 1170 because the conviction was not proven with certified documents. But defendant did not raise this argument in the trial court. At resentencing, the People urged the trial court to consider the Oregon conviction as one of defendant's prior convictions because the trial court had already found it true. The trial court agreed, finding it "established that there was [a] conviction . . . for attempted rape

out of Oregon." The court later described this conviction as a prior conviction found true under section 1170, subdivision (b)(3). Defendant did not object to this conclusion or argue that the conviction was not established by a certified record of conviction. In failing to object to the adequacy of the evidence of the Oregon conviction at resentencing, defendant forfeited this issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).)

Forfeiture also applies to defendant's similar challenge to the records documenting the hit-and-run conviction. Defendant argues these records are not certified. But, at resentencing, the trial court specifically stated that the documents in the People's exhibit supporting this conviction "appear[ed] to be certified court records" and defendant did not object. Defendant argued only that the truth of the conviction should be tried by a jury, to which the court responded that section 1170, subdivision (b)(3) allowed it to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." Defendant made no argument that the records were not "certified records of conviction." Thus, that argument is forfeited here. (*Scott, supra*, 9 Cal.4th at p. 353.)

*C. Probation Factor*

The probation factor applies when the defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed. (Rule 4.421(b)(4).) Here, the People argued at resentencing that one of defendant's prior convictions reflected his federal supervised release status at the time of the assault. Defendant countered that a jury trial was needed to prove anything other than the fact of the conviction itself. The trial court agreed with the People, concluding that a record of conviction showed defendant was on probation when the assault was committed. Defendant now argues section 1170, subdivision (b)(3) does not allow the trial court to determine probation status from certified records of conviction and, thus, this factor must be found true beyond a reasonable doubt by a jury. We need not decide

5

whether defendant is correct, as the alleged error was harmless under *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1110 (*Zabelle*).)[1]

In applying the harmless error test, we start by asking whether it is reasonably probable the jury would have found the fact not true. (*Zabelle, supra*, 80 Cal.App.5th at p. 1112.) Here, the trial court's finding regarding defendant's supervision status was based on the assault occurring on January 6, 2019, and on certified court records showing the following: (1) on April 24, 2014, defendant was sentenced to 33 months followed by a five-year supervised release; and (2) on June 2, 2017, defendant was sentenced to seven months in prison followed by a four-year-five-month supervised release. At resentencing, defendant made no objection to these records or to the People's argument that he was on supervised release at the time of the assault. Nor does defendant make any such argument now. Based on the records the People presented, we find it reasonably probable a jury would have found beyond a reasonable doubt that defendant was on supervised release when he committed the assault. (See *People v. Dunn* (2022) 81 Cal.App.5th 394, 411, review granted Oct. 12, 2022, S275655; *People v. Towne* (2008) 44 Cal.4th 63, 81.) Based on this conclusion and our earlier determinations that the bodily harm factor was valid and that any error with respect to the prior conviction factor was forfeited, we find no error that would result in a disposition more favorable to defendant. (*Zabelle,* at p. 1112.)

---

[1] The federal constitutional right to a jury trial does not apply to the fact of a prior conviction, and "the fact of a prior conviction encompasses . . . a finding that defendant was on probation or parole at the time the crime was committed." (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938.)

## II

### *Abstract of Judgment*

There are six errors in the abstract of judgment that need correcting to reflect the court's oral pronouncement at resentencing: (1) the abstract must reflect a total of 1,176 days' credit; (2) the abstract must reflect the two-year sentence imposed and stayed for criminal threats (§ 422); (3) the abstract must reflect the four-year sentence imposed and stayed for the related enhancement (§ 12022.5); (4) the abstract must reflect the eight-month consecutive sentence imposed for felon in possession of a firearm (§ 29800, subd. (a)(1)); (5) the abstract must reflect the two-year sentence imposed and stayed for resisting an officer (§ 69); and (6) the abstract must reflect the one-year sentence imposed and stayed for the related enhancement (§ 12022, subd. (a)(1)). We direct the trial court to prepare a corrected abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, 188.)

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an abstract of judgment correcting the six errors enumerated in section II and forward the corrected abstract to the Department of Corrections and Rehabilitation.


/s/
MESIWALA, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
BOULWARE EURIE, J.

7